UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALDEN K., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   2:18-cv-00112-NT |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) |
| | ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff Alden K's application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff was under a disability as of the filing date of his SSI claim, and awarded SSI benefits for the period beginning June, 2015.[1] Based on the ALJ's finding that Plaintiff failed to prove disability onset prior to his date last insured under Title II, December 31, 2013, Defendant denied Plaintiff's DIB claim.

Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff asserts that his disability began on June 30, 2012.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

---

[1] Supplemental security income, if awarded, is payable, at the earliest, as of the month following the month in which the claimant files the underlying application for benefits. 42 U.S.C. § 416.335.

## The Administrative Findings

The Commissioner's final decision is the April 21, 2017, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 10-2.)[2] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff, in the period between the alleged onset date and the date last insured, had impairments consisting of thrombocytopenia, hypertension, and hyperlipidemia, but that the impairments were not severe for occupational purposes because they imposed no more than a slight limitation on Plaintiff's ability to engage in basic work activities. (ALJ Decision at 3 ¶ 3, R. 13 – 14.) Of particular note, the ALJ found that because prior to the date last insured, Plaintiff consistently reported feeling well and had normal findings upon examination, and that given the "extensive gap in the treatment history" between January 2012 and October 2013, Plaintiff's alleged onset in 2012 was unreliable.[3] (R. 15.) In further support of his determination that Plaintiff's onset was after the date last insured (December 31, 2013), the ALJ noted that in February 2014, Plaintiff was not receiving any treatment for thrombocytopenia and was only taking Tylenol to address reports of pain consistent with his eventual carpal tunnel syndrome diagnosis.[4] (*Id.*)

---

[2] Because the Appeals Council found no reason to review that decision (R. 1), the Acting Commissioner's final decision is the decision of the Administrative Law Judge.

[3] Plaintiff obtained treatment in June 2013 for a dental infection that does not factor into his claim of disability. (Ex. 1F, R. 247.)

[4] In October 2013, Plaintiff reported "some numbness" in his fingers and toes. (Ex. 1F, R. 244.)

**Standard of Review**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS,* 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**Discussion**

Plaintiff argues (1) that the ALJ's findings concerning the nature and severity of his impairments prior to December 31, 2013, are not supported by substantial evidence, (2) that the ALJ erred in his assessment of the medical opinion evidence, and (3) that the ALJ erred by not calling a medical expert at his hearing to offer an opinion as to the most likely date of onset of disability. (Statement of Errors at 4, 5, 7, ECF No. 14.)

1. **Nature and severity of impairments**

Plaintiff maintains that the ALJ erred in his assessment of the impairment in 2013 in part because he did not discuss reports of pain in the feet and left knee in September 2009, a shoulder impairment secondary to a remote (30+ year old) injury, or the history of Plaintiff's treatment for hypertension. (Statement of Errors at 4.) Plaintiff, however, does

not cite and the record does not include sufficient evidence to support his contention that the medical record before December 2013 establishes Plaintiff was disabled.

Regarding Plaintiff's lower extremeties, the record of treatment in 2009 for acute pain (Ex. 12F, ECF No. 10-7) does not provide a reliable basis for disability prior to the date last insured. In fact, by alleging an onset date in 2012, Plaintiff implicity acknowledges that Plaintiff's 2009 medical records do not support a disability finding. As to hypertension, which is among the impairments the ALJ addressed at step 2, as Defendant notes, treatment records reflect that in June 2013 and October 2013, Plaintiff was taking prescribed medication, had no complaints of hypertension, and the condition was deemed to be under control. (Response at 6, ECF No. 18, citing R. 242 – 249.) The records regarding Plaintiff's shoulder also fail to compel a finding of an earlier onset date. For instance, an October 19, 2016, post-operative report concerning arthroscopy of left shoulder reflects Plaintiff did not seek treatment until years after the date last insured. (Ex. 13F, ECF No. 10-7.) While reports related to the procedure suggest a chronic condition, the records suggest the surgery was the result of "worsening" symptoms in the "last 6 months." (R. 450.)

The ALJ appropriately considered and assessed the medical record and Plaintiff's report of symptoms. The ALJ observed that Plaintiff's impairments could be expected to produce his symptoms, but that the intensity, persistence and limiting effects of the impairment alleged by Plaintiff were not corroborated by contemporaneous medical records, which reflect unremarkable findings, prior statements by Plaintiff that he was feeling well, the absence of statements suggesting functional limitation (but for "some

4

numbness"), and an extensive gap in treatment. (R. 14 – 15.) In short, the ALJ's findings regarding the nature and extent of Plaintiff's alleged impairments prior to his date last insured are supported by the record.

2. **Opinion evidence**

Plaintiff argues the ALJ did not adequately assess and weigh the expert medical opinion evidence. (Statement of Errors at 5 – 6.) Plaintiff's argument is unpersuasive. While two experts involved in Plaintiff's care opined that Plaintiff's limitations existed as early as June 30, 2012 (March 2016 Medical Source Statement of Ted Mohlie, MD, Ex. 7F; April 2016 Medical Source Statement of Robert Stein, MD, Ex. 8F), the ALJ supportably determined that the record did not contain any contemporaneous medical evidence to support their views, and that the gap in treatment, Plaintiff's reports of feeling well, and the unremarkable findings within the relevant period supported a contrary finding. The ALJ permissibly concluded that the opinions did not warrant controlling weight, and instead supportably relied upon and gave great weight to the March 2016 opinion of consulting expert Benjamin Weinberg, M.D., who reviewed the record for purposes of reconsideration of Defendant's denial of Plaintiff's DIB claim. (R. 15.) Dr. Weinberg opined that the record did not demonstrate a severe impairment prior to the date last insured. (Ex. 6A, ECF No. 10-3.) The ALJ's finding that Plaintiff was not disabled within the relevant time period is thus supported by medical expert opinion evidence. (R. 15, citing Ex. 6A.)

3. **Failure to call medical expert at hearing**

Plaintiff contends the ALJ should have called an expert witness at Plaintiff's hearing

5

to address the specific question of disability onset, because in the absence of supportive testimony from an expert, the ALJ necessarily had to rely on his lay assessment of the record. (Statement of Errors at 7.) As discussed above, the ALJ relied in part on medical expert opinion evidence provided by Dr. Weinberg. Contrary to Plaintiff's argument, therefore, the ALJ did not judge matters entrusted to the experts. Furthermore, the ALJ is not required to call a medical expert to address the issue of disability onset if the record otherwise permits a finding; the ALJ must do so only if the record is ambiguous. *Fischer v. Colvin*, 831 F.3d 31, 32 (1st Cir. 2016) (discussing Social Security Ruling 83-20). Here, the medical record is not ambiguous. The ALJ, therefore, supportably determined that Plaintiff was not disabled prior to the date he was last insured.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 5th day of November, 2018.       /s/ John C. Nivison
                                                                U.S. Magistrate Judge